```
_____Anthony Merrick - ADCRR# 051614_____
Name and Prisoner/Booking Number
_____ASPC-Y-Cibola_____
Place of Confinement
_____P.O. Box 8909_____
Mailing Address
_____San Luis, Az. 85349_____
City, State, Zip Code
```

```
☑ FILED    ___ LODGED
___ RECEIVED ___ COPY

    APR 2 8 2023

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____         DEPUTY
```

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____Anthony Merrick_____,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____Kenneth Herman_____,
(Full Name of Defendant)

(2) _____,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. __2:23-cv-00403-SPL-MTM__
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: _ASPC-Y-Cibola / San Luis, Arizona_.

## B. DEFENDANTS

1. Name of first Defendant: __Kenneth Herman__. The first Defendant is employed as: __Administrator of pastoral and volunteer services__ (Position and Title) at __Ariz. Dept. of Corr. Rehab. & Reentry__ (Institution).

2. Name of second Defendant: _____. The second Defendant is employed as: _____ (Position and Title) at _____ (Institution).

3. Name of third Defendant: _____. The third Defendant is employed as: _____ (Position and Title) at _____ (Institution).

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __12 plus__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Merrick__ v. __State of Arizona, et al__
      2. Court and case number: __2:22-CV-01957-SPL-MTM__
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) __PENDING__

   b. Second prior lawsuit:
      1. Parties: __MERRICK__ v. __Shinn, et al.__
      2. Court and case number: __2:23-CV-00296-SPL-MTM__
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) __PENDING__

   c. Third prior lawsuit:
      1. Parties: __MERRICK__ v. __Ryan, et al.__
      2. Court and case number: __CV-19-05494-PHX-SPL-MTM__
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) __Summary Judgement for defendants, appealed and affirmed.__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

**BRIAN D. KARTH**
District Court Executive / Clerk of Court
Sandra Day O'Connor U. S. Courthouse
Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**OFFICE OF THE CLERK**



**MICHAEL S. O'BRIEN**
Chief Deputy Clerk
Evo A. Deconcini U.S. Courthouse
405 W. Congress, Suite 1500
Tucson, Arizona 85701-5010

**DEBRA D. LUCAS**
Chief Deputy Clerk
Sandra Day O'Connor U. S. Courthouse
Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

September 18, 2019

Anthony Merrick #051614
ASPC F – East Unit (C-1-4)
P.O. Box 5000
Florence, AZ 85132

RE: List of past cases filed for Paul Luckette and Anthony Merrick

Dear Mr. Merrick,

Per your request, here is a list of the cases filed under the names Paul Luckette and Anthony Merrick in U.S. District Court, District of Arizona.

| | | |
|---|---|---|
| CV | 2:89-cv-00231-RGS-W/NA | Luckette v. Godbehere, et al — Summary Judgement for defendants |
| CV | 2:91-cv-01726-RGS | Luckette, et al v. Agnos, et al — Dismissed - settled |
| CV | 2:91-cv-02036-RGS-MS | Luckette, et al v. Agnos, et al — Dismissed - Settled |
| CV | 2:93-cv-01185-RGS-MS | Luckette v. Hertzberg, et al — Dismissed |
| | 2:94-cv-00327-RGS-MS | Luckette v. Lewis, et al — Settled |
| CV | 2:95-cv-00011-RGS-BGS | Luckette v. Bonorand — Dismissed |
| | 3:94-cv-00729-ROS | Luckette et al v. Lewis, et al ? |
| CV | 3:94-cv-01454-RGS-MS | Luckette v. Superior Court, et al ? |
| CR | 3:94-cv-01556-RGS-VAM | Luckette v. Lewis, et al — Lost at trial, appealed and lost |
| | 2:93-cv-00366-RGS-MS | Luckette v. State of Arizona ? |
| | 2:94-cv-00094-RGS | Luckette v. Ryan, et al ? |
| | 2:94-cv-00139-RGS | Luckette v. Ryan, et al ? |
| | 2:94-cv-01967-RGS | Luckette v. Lewis, et al ? |
| CV | 2:13-cv-01094-SPL-BSB | Merrick v. Inmate Legal Services, et al — settled |
| | 2:13-cv-02386-RCB—BSB | Merrick v. Ryan, et al ? |
| CV | 2:14-cv-01033-RCB—BSB | Merrick v. Arpaio, et al — settled |
| | 2:16-cv-00124-SPL | Merrick v. Ryan, et al ? |
| CR | 2:19-cv-00172-SPL | Merrick v. Ryan, et al ? |
| CV | 2:15-cv-00684-SPL-BSB | Merrick v. Ryan, et al ? |
| CV | 2:15-cv-00820-SPL | Merrick v. Ryan, et al ? |
| | 2:18-cv-01113-SPL—BSB | Merrick v. Ryan, et al — This was remanded to fed. Ct. and I refused to file a Federal claim/complaint |
| | 2:95-cv-00843-RGS-BGS | Merrick v. Lewis, et al ? |
| CV | 2:95-cv-01109-RGS-VAM | Merrick v. Whitley, et al ? |
| | 2:96-cv-00060-RGS-VAM | Merrick v. Stewart, et al ? |
| | 4:99-cv-00111-NFF | Merrick v. Stewart, et al ? |

CV15-00820-PHX-SPL, Summary Judgement for defendants, appealed - affirmed

Brian D. Karth
District Court Executive/Clerk of Court

s/ W. Poth
By    Deputy Clerk

Please send all correspondence to:

Customer Service ▪ Sandra Day O'Connor U.S. Courthouse ▪ Suite 130 ▪ 401 W. Washington St., SPC 1 ▪ Phoenix, AZ 85003-2118

- 2A -

D. CAUSE OF ACTION

COUNT I

1. State the constitutional or other federal civil right that was violated: 42 USC § 2000cc-1 et seq.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. On October 24, 2019 Plaintiff filed a civil action against Charles Ryan, Marion Kidwell, and Kenneth Herman for denying a religious preference change.
   2. In a screening order Herman was dismissed and on July 16, 2021 the court granted summary judgment for Ryan and Kidwell due to insufficient connection/involvement.
   3. While that action was pending Kidwell stated it was Hermans policy that religious preferences would not be changed until a religious leader provided them with documents that would be used as a standard for the approval of all inmates religious preference and practices regarding this religious faith.
   4. On November 20, 2020; December 4, 2020, December 8, 2020 and October 24, 2022 Reverend Devon Blades of the Fundamental American Christian Temple church, provided Mr. Herman with documentation of the church articles of faith and proposed rules for inmate practice. Moreover Rev. Blades requested permission to allow Plaintiff, a member of the CEARTHANACH ORDER of the church to practice the religion and permit him to send plaintiff necessary religious items.
   5. On December 8, 2020 and October 25, 2022 Herman responded, denying any permission stating the 9th circuit upheld the Summary Judgement and that stands.
   (see attached page 3A for continuance)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   As a result of Hermans denial, plaintiff has been unable to practice or express the above stated religious beliefs. Plaintiff has been humiliated, disgraced and prevented from proselytization. He has been unable to fulfill his cearthanach duties. Plaintiff is not seeking mental or emotional injuries.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. The grievance was rejected and "Unprocessed", the ADCRR officials refused to consider the issues.

6. On July 16, 2022 and September 9, 2022 plaintiff wrote an inmate letter to Kenneth Herman, notifying him that he wanted to practice his religious beliefs and that since he now had the church documents from his religious leader sent via e-mail, he wanted to practice the religious faith.

7. Kenneth Herman did not respond and on September 13, 2022 Plaintiff began the grievance procedure, which was later refused as "unprocessed" due to the 9th circuits recent decision in the previous case.

8. Plaintiff is a senior member of the Cearthanach order of the Fundamental American Christian Temple faith and church and in such capacity is a clergy person or minister of the faith.

9. Cearthanach members provide ministerial functions such as rituals, ceremonies, blessings, divinations, funerals, healings, pledgings, naming, confirmations, weddings, visions, confessions, counseling, guidance, admonishments and fellowship to faith members.

10. Plaintiffs requests for accommodations of his religious practices was/is motivated by his sincere religious beliefs, which Kenneth Herman denied and substantially burdened his religion, beliefs and practices as stated herein.

11. Both plaintiff and his religious leader requested Kenneth Herman to provide plaintiff with accommodations so he could practice his religion.

12. Under Kenneth Herman and ADCRR policies, inmates are required to substantiate their requests for religious accommodations by providing documentation from religious leaders that support the inmates request

3-A

for accommodation. This documentation was provided to Herman via e-mail from Rev. Blades on about November 20, 2020.

13. The ADCRR and Herman has declared more than 40 different religious preferences and those 40 different religious faiths are permitted to practice their beliefs.

14. Plaintiff has been denied all accommodations to practice his religious beliefs that must have exceptions to the policy. Specifically: DIET, PLIJ, BAKU, ANAMSCAIL, DOCEANPOTH, FAESOEG, GATHERINGS, DOTLIG and DODEALUS.

15. Plaintiff has been unable to practice the above religious practices without accommodations as ADCRR and Hermans policies prohibit them. Any attempts to practice them without authorization would lead to disciplinary actions, including violations of: A-06, A-07, A-13, B-05, B-08, B-10, B-11, B-20, B-23, B-25, B-35, B-36, C-05, C-13, C-14, and C-18 at minimum. Further any attempts also violate state criminal laws, both misdemeanor and Felonies. Attempts to practice without authorization would lead to lock down, loss of privileges, including TV, Fan, Radio, visits, phones and commissary as well as loss of release credits and having to spend more time in prison.

16. Kenneth Herman is an official policy maker of religious matters involving inmates, who is responsible for and personally participated in the creation and implementation of religious policies, customs and procedures and for ratifying and adopting them. Defendant Herman is responsible for training and supervision of officers, chaplains and other staff in the application of religious policies and procedures.

3-B

17. Defendant Herman failed or refused to allow plaintiff his religious accommodations even after plaintiff and his faith leaders complied with policies he put in place.

18. Defendant Herman was not a defendant in the previous case, Merrick v. Ryan, CV-19-05494-PHX-SPL-MTM; Ninth Circuit No. 20-17504, nor did that case involve accommodations.

19. Plaintiff has a constitutional and statutory right to freedom of Religion.

20. The Acts described above have caused injuries and damages to the Plaintiff

## COUNT II

1. State the constitutional or other federal civil right that was violated: U.S. Constitution, Fourteenth Amendment – DUE PROCESS

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: DUE PROCESS

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. On October 24, 2019 Plaintiff filed a civil action against Charles Ryan, Marios Kidwell, and Kenneth Herman for denying a religious preference change.
   2. In a screening order Herman was dismissed and on July 16, 2021 the court granted summary judgement for Ryan and Kidwell due to insufficient involvement.
   3. While that action was pending Kidwell stated it was Hermans policy that religious preferences would not be changed until a Religious leader provided them with documents that would be used as a standard for the approval of all inmates religious preference and practices regarding this religious faith.
   4. On November 20, 2020, December 4, 2020, December 8, 2020 and October 24, 2022 Reverend Devan Blades of the Fundamental American Christian Temple church, provided Herman with documentation of the church articles of faith and proposed rules for inmate practice. Moreover Rev. Blades requested permission to allow Plaintiff, a member of the Courtmanach order of the church to practice the religion and permit him to send Plaintiff necessary religious items.
   5. On December 8, 2020 and October 25, 2022 Herman responded, denying any permission stating the 9th circuit upheld the summary judgement and that stands.

   (See attached page 4-A for continuance)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   As a result of Hermans denial, Plaintiff has been unable to practice his religion. He has been denied due process in the processing and approval of religious practices based on policy. Plaintiff has been unable to proselytize and fulfill his religious duties. Plaintiff is NOT seeking mental or emotional injuries.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. The grievance was rejected and "unprocessed". The ADCRR officials refused to consider the issue.

4

6. On July 16, 2022 and September 9, 2022 plaintiff wrote an inmate letter to Kenneth Herman, notifying him that he wanted to practice his religious beliefs and that since he now had the church documents from his religious leader sent via e-mail, he wanted to practice the religious faith.

7. Kenneth Herman did not respond and on September 13, 2022 plaintiff began the grievance procedure, which was later refused as "unprocessed" due to the 9th circuits recent decision in the previous case.

8. Plaintiff is a senior member of the Cearthanach order of the Fundamental American Christian Temple faith and church and in such capacity is a clergy person or minister of the faith.

9. Cearthanach members provide ministerial functions such as rituals, ceremonies, blessings, divinations, funerals, healings, pledgings, naming, confirmations, weddings, visions, confessions, counseling, guidance, admonishments and fellowship to faith members.

10. Plaintiffs requests for accommodations of his religious practices was/is motivated by his sincere religious beliefs, which Kenneth Herman denied and substantially burdened his religion, beliefs and practices as stated herein.

11. Both plaintiff and his religious leader requested Kenneth Herman to provide plaintiff with accommodations so he could practice his religion.

12. Under Kenneth Herman and ADCRR policies, inmates are required to substantiate their requests for religious accommodations by providing documentation from religious leaders that support the inmates request for accommodation. This documentation was provided to Herman via e-mail from Rev. Blades on or about November 20, 2020.

13. The ADCRR and Herman has cleared more than 40 different religious preferences and those 40 different religious faiths are permitted to practice their beliefs.

14. Plaintiff has been denied all accommodations to practice his religious beliefs that must have exceptions to the policy. Specifically: Diet, PLIJ, BAKU, Anamscail, Doceanpoth, Faesces, gatherings, OoTurg and Dodealus.

15. Plaintiff has been unable to practice the above religious practices without accommodations as ADCRR and Hermans policies prohibit them. Any attempts to practice them without authorization would lead to disciplinary actions, including violations of: A-06, A-07, A-13, B-05, B-08, B-10, B-11, B-20, B-23, B-25, B-35, B-36, C-05, C-13, C-14 and C-18, at minimum. Further any attempts also violate state criminal laws, both misdemeanor and felonies. Attempts to practice without authorization would lead to lock down, loss of privileges, including TV, Fan, Radio, visits, phones and commissary as well as loss of release credits and having to spend more time in prison.

4-A

16. Kenneth Herman is an official policy maker of religious matters involving inmates, who is responsible for and personally participated in the creation and implementation of religious policies, customs and procedures and for notifying and adopting them. Defendant Herman is responsible for training and supervising of officers, chaplains, and other staff in the application of religious policies and procedures

17. Defendant Herman failed or refused to allow plaintiff his religious accommodations even after plaintiff and his faith leaders complied with policies he put in place.

18. Defendant Herman was not a defendant in the previous case, Merrick v. Ryan, CV-19-05494-PHX-SPL-MTM; Ninth circuit No. 20-17504, nor did that case involve accommodations.

19. Plaintiff has a Constitutional and statutory right to Freedom of Religion.

20. The Acts described above have caused injuries and damages to plaintiff,

21. Plaintiff has a Constitutional right to due process of law, and the policy being applied correctly.

22. Kenneth Herman has no valid rational connection between his denials of plaintiffs requests to practice his religion and policy. There are no other ways to practice his religion

## E. REQUEST FOR RELIEF

State the relief you are seeking:
1. Declaratory Judgement
2. Injunctive Relief
3. Nominal and Presumed damages
4. Punitive Damages as appropriate
5. Costs, including attorney fees
6. The right to conform pleadings to proof and evidence at trial
7. Such other relief as the court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04 / 25 / 2023
   DATE

SIGNATURE OF PLAINTIFF

NONE
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

NONE
(Signature of attorney, if any)

NONE
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

5